# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

February 22, 2026

**VIA ECF**

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
Cadman Plaza East
Brooklyn, New York 11201

Re: *Wilson v. Dealmed Medical Supplies, LLC,* Case No.: 1:26-cv-00009-MKB-TAM (E.D. NY.)

Dear Judge Brodie:

Plaintiff Chet Michael Wilson respectfully submits this letter in response to Defendant Dealmed Medical Supplies, LLC's February 13, 2026 request for a pre-motion conference regarding its anticipated motion to dismiss (ECF No. 11). Defendant asserts that Plaintiff's claims fail as a matter of law because, in its view, a text message is not a "telephone call" under 47 U.S.C. § 227(c). That argument is incorrect as a matter of statutory text, regulatory authority, and overwhelming judicial precedent. The proposed motion would therefore be futile, and the request for a pre-motion conference should be denied.

The Second Circuit has squarely held that a text message qualifies as a "call" under the TCPA, and that precedent remains binding and undisturbed. In *Melito v. Experian Marketing Solutions, Inc.*, 923 F.3d 85, 88–89 (2d Cir. 2019), the court recognized—based on the statute's text and the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016)—that "[a] text message to a cellular telephone … qualifies as a 'call.'" Likewise, in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 283–84 (2d Cir. 2020), the Second Circuit reaffirmed that "it is undisputed that a text message to a cellular telephone qualifies as a 'call' within the compass of the TCPA," and further held that an unwanted text message causes a concrete injury cognizable under Article III. These holdings are not contingent on administrative deference but on the courts' own interpretation of the TCPA's language and the Supreme Court's guidance.

Nothing in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), or *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), changes that analysis. The Second Circuit's interpretation of "call" under § 227 stands independently of any agency rulemaking. The text of the statute, as construed by both the Supreme Court and this Circuit, encompasses text messages, and district courts are bound by that precedent.

Hon. Margo K. Brodie
United States District Court

Re:   *Wilson v. Dealmed Medical Supplies, LLC,* Case No.: 1:26-cv-00009-MKB-TAM (E.D. NY.)

    Indeed, Judge Engelmayer issued the only Second Circuit decision on this issue that the Plaintiff is aware of on December 2, 2025 in another matter filed by Mr. Wilson, *Wilson v. Better Mortg. Corp.,* 2025 U.S. Dist. LEXIS 251694 (S.D. NY.).

    *Wilson* is particularly significant for this motion because it does not merely cite the Second Circuit in passing. It uses the Second Circuit's reasoning as a central answer to a defense argument that mirrors the argument Defendant advances here: that because text messaging technology either did not exist at the time of enactment or is not what a "normal person" would label a "call," the do-not-call provisions should be read not to reach texts. *Wilson* explains why that framing is the wrong way to read the statute, and it reinforces that conclusion by invoking the Second Circuit's recognition that the nuisance and privacy invasion attendant on spam texts are the same harms that motivated Congress when enacting the TCPA, including the following quotes:

> "the Second Circuit has recognized, as to § 227(b), that 'the nuisance and privacy invasion attendant on spam texts are the very harms with which Congress was concerned when enacting the TCPA'—notwithstanding that that mode of telephone communication did not yet exist." (Order at 10.)

The Order describing the Second Circuit's holding in *Melito* and quoting the Second Circuit's reasoning:

> "In *Melito v. Experian Mktg. Sols., Inc.,* 923 F.3d 85, 88 (2d Cir. 2019), the Circuit addressed whether plaintiffs' receipt of unsolicited text messages, absent any other injury, was sufficient to demonstrate injury-in-fact to confer Article III standing…It reasoned, in part: '[T]ext messages, while different in some respects from the receipt of calls or faxes specifically mentioned in the TCPA, present the same 'nuisance and privacy invasion' envisioned by Congress when it enacted the TCPA.'" (Order at 12-13.)

> "Limiting § 227(c)'s reach to telephone voice calls while § 227(b) covers voice as well as text messages would create an irrational asymmetry at odds with the statute's text and structure. It would also be at odds with the Second Circuit's recognition that 'the nuisance and privacy invasion attendant on spam texts are the very harms with which Congress was concerned when enacting the TCPA.'" (Order at 15.)

Importantly, although *Melito* and *Duran* arose under § 227(b), their interpretation of the term "call" was not subsection-specific. The Second Circuit interpreted the statutory use of "call" in the TCPA as a matter of statutory meaning. Nothing in the text of § 227 suggests that "call" carries one meaning in subsection (b) and a different meaning in subsection (c). The TCPA uses the same term—"call"—throughout § 227. Defendant's position would require the Court to

Hon. Margo K. Brodie
United States District Court

Re:   *Wilson v. Dealmed Medical Supplies, LLC,* Case No.: 1:26-cv-00009-MKB-TAM (E.D. NY.)

conclude that a text message is a "call" for purposes of § 227(b) but not a "call" for purposes of § 227(c). Nothing in the statute supports such an irrational distinction.

*Wilson v. Better Mortgage Corp.* correctly recognized this structural problem. As Judge Engelmayer explained, limiting § 227(c) to voice calls while recognizing that § 227(b) covers text messages would create an irrational asymmetry at odds with the statute's text and structure. 2025 U.S. Dist. LEXIS 251694, at *15. The same term must carry the same meaning unless Congress clearly indicates otherwise. It did not.

For these reasons, Defendant's proposed motion is foreclosed by binding Second Circuit precedent. The term "call" in the TCPA includes text messages. The Second Circuit has so held. District courts within this Circuit have applied that holding. And nothing in *Loper Bright* or *McLaughlin* authorizes a district court to disregard controlling circuit authority interpreting statutory text.

Defendant's argument would require this Court to conclude that the same word—"call"—means one thing in § 227(b) and something entirely different in § 227(c), despite the statute's unified structure and purpose. The Second Circuit's precedent, the Supreme Court's guidance, and basic principles of statutory construction foreclose that result.

Because Plaintiff's claim rests on settled law in this Circuit, the anticipated motion to dismiss would be futile. Plaintiff respectfully requests that the Court deny Defendant's request for a pre-motion conference and permit this case to proceed.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff

cc: Counsel of Record (via ECF)