**Benesch**

Mark S. Eisen
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4956
Fax:  312.767.9192
meisen@beneschlaw.com

May 13, 2026

**VIA ECF**

Hon. Judge Margo K. Brodie
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re*:    *Wilson v. Dealmed Medical Supplies, LLC*, No. 1:26-cv-00009-MKB-TAM
> <u>Request for Oral Argument</u>

Dear Judge Brodie:

This firm represents Defendant Dealmed Medical Supplies, LLC ("Dealmed") in the above-referenced lawsuit and writes to respectfully request oral argument regarding the pending Motion to Dismiss. (Dkt. 15, 16.)

On March 23, 2026, Dealmed moved to dismiss this action in its entirely pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 15, 16.) In sum, Plaintiff alleges he received text messages without his consent despite that he is registered on the national do not call registry. (Dkt. 1 ¶¶ 20, 21.) Plaintiff asserts a single claim for the alleged violation of 47 U.S.C. § 227(c)(5) (premised on the regulation found at 47 C.F.R. § 64.1200(c)(2)).

Dealmed moved to dismiss on the basis that the private right of action afforded by 47 U.S.C. § 227(c)(5) applies exclusively to "telephone calls" and thus does not apply to text messages. *See* 47 U.S.C. § 227(c)(5). As evidenced by and detailed in the Parties' briefing, this issue of statutory interpretation has created a deep split amongst district courts across the country. Dealmed contends that its cited authorities are more persuasive and correct in concluding that a text message is not a telephone call. In light of this split of authority, however, Dealmed contends that oral argument would be beneficial to this Court in weighing the split of authority and the legal issue at hand. Dealmed estimates that no more than one hour would be needed for this argument.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Mark S. Eisen, Esq.*
Mark S. Eisen, Esq.